FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2019 MAR 19 PM 4:03
CLERK
SO. DIST OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 117-039 |
| | * | |
| JASON WAYNE MORRIS | * | |

**O R D E R**

Before the Court is Defendant Jason Wayne Morris' motions for return of property. (Doc. Nos. 60, 62.) Defendant's motions request certain property seized during the search of his residence, and subsequently suppressed during his prosecution, be returned to him. For the reasons stated below, Defendant's motions are **DENIED**.

**I. BACKGROUND**

**A. Procedural History**

On May 26, 2017, the Georgia Department of Natural Resources ("DNR"), the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and the Warren County Sheriff's Office executed a search warrant at Defendant's residence. During the search, law enforcement located and seized numerous firearms, ammunition, controlled substances, drug paraphernalia, $22,419.00 in cash, vehicles, electronics, documents, and hunting equipment. (DNR Incident Report, Doc. No. 62-1.) Defendant's correspondence with

the DNR revealed all firearms, ammunitions, drugs, cash, and explosive devices were turned over to the ATF and the remaining evidence was stored in the Warren County Sheriff's evidence room. (Def.'s Mot. to Compel, Doc. No. 62-1, Ex. D.)

Defendant was subsequently indicted and charged with five counts stemming from his possession of controlled substances and firearms. (Indictment, Doc. No. 1.) Defendant then filed a motion to suppress the evidence seized during the May 26th search. (Doc. No. 19.) The United States Magistrate Judge held a hearing on the motion and issued a Report and Recommendation ("R&R") concluding that the warrant used to execute the May 26th search was facially invalid. (R&R, Doc. No. 34, at 9-11.) The Magistrate Judge recommended Defendant's motion be granted and the evidence seized be suppressed. (Id. at 15.) On November 8, 2017, the Court adopted that recommendation and granted the motion to suppress. (Order of Nov. 8, 2017, Doc. No. 48.) Defendant later plead guilty to Count 2 of the Indictment, which stemmed from a separate, valid search of his residence. (Change of Plea, Doc. No. 50.)

Nearly a year later, on October 10, 2018, Defendant, proceeding pro se, filed a motion to take judicial notice of his letter demanding the return of his property. (Doc. No. 60.) On November 28, Defendant filed a motion to compel the return of his property. (Doc. No. 62.) Defendant's motions requested return of "$22,814.00 [sic] Dollars in cash and all Files/Documents and other

2

'legal property.'" (Def.'s Mot. to Compel, Doc. No. 62, at 4.) Although Defendant does not explain which documents he seeks, he did file copy of the DNR incident report generated after the search warrant. The report contains Defendant's annotations indicating which of the items seized he seeks to have returned; it includes the $22,419.00 in cash, "1 file folder with numerous correspondence/mail/bills/receipts belonging the Jason Morris," and "2 vehicle titles in Jason Morris' name."[1] (DNR Incident Report.) For purposes of this motion, the Court will assume these items are the property Defendant seeks to have returned.

The Court reviewed Defendant's motions and issued an Order instructing the ATF, the DNR, and the Warren County Sheriff to respond and show whether they were in possession of Defendant's property. (Order of Jan. 8, 2019, Doc. No. 63, at 3-4.) On January 31, 2019, the ATF filed an affidavit and supporting documents describing its administrative forfeiture of the $22,419.00 in cash, firearms, and ammunition seized from Defendant's residence. (See Doc. No. 63.) The notices filed by the DNR and the Warren County Sheriff's Office state that neither are currently in possession of any of Defendant's property. (See Doc. Nos. 65, 69.)

---

[1] Defendant annotated the document by underlining these three items in his copy of the incident report.

The Warren County Sheriff's verified response shows what property was in its possession and the disposition of that property following Defendant's motion to suppress. In March 2018, the Sheriff turned over all of Defendant's electronics, his night vision scope, three compound bows, a fishing rod, and fifteen vehicles to Ginger Morris, Defendant's mother.[2] (Doc. No. 69, Exs. 1-4.) These transfers are evidenced by four "Receipts of Property," each of which includes a distinct list of property seized during the May 26th search and signatures by Ginger Morris showing which property the Sheriff remitted to her. (Id.) Although there is no mention of vehicle titles, all fifteen of the seized vehicles were returned to Ginger Morris. Finally, none of the Receipts of Property list a file folder of documents, but the Warren County Sheriff stated, under oath, that he is no longer in possession of any of Defendant's property. (Doc. No. 69.)

## B. Administrative Forfeiture Proceedings

On June 7, 2017, twelve days after the May 26th search, the ATF initiated administrative forfeiture proceedings for the firearms, ammunition, blasting caps, and cash seized from Defendant's residence. (Decl. of James D. Ingram ("Ingram Decl."), Doc. 64-1, ¶¶ 4-5.) The ATF sent the notice required by 19 U.S.C. § 1607(a) and 18 U.S.C. § 983(a) to Defendant's home address and

---

[2] Attached to Defendant's motion is his limited power of attorney authorizing Ginger Morris to collect Defendant's property on his behalf. (See Doc. No. 62, Ex. 6.)

4

his address at the McDuffie County Jail. (Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings ("Notice of Seizure"), Doc. Nos. 67-5, 67-6; see also Ingram Decl. ¶¶ 7-8.) Each notice contained a list of all assets subject to forfeiture, the deadline and instructions for filing a claim, and a claimant form. (Notice of Seizure.) The notice sent to Defendant's home address was returned as undelivered, but the notice sent to Defendant's jail address by certified mail was confirmed delivered.[3] (Ingram Decl. ¶¶ 7-8.) The ATF also published notice for thirty consecutive days on the federal government's dedicated asset forfeiture website, in accordance with 19 U.S.C. § 1607. (Advisement Certification Report, Doc. No. 67-7; see also Ingram Decl. ¶ 10.) Neither Defendant nor any other interested party filed a claim to the property seized by the ATF. (Ingram Decl. ¶ 11.)

On September 21, 2017, the ATF administratively forfeited the firearms, ammunition, blasting caps, and cash pursuant to 19 U.S.C. § 1607. (Id. ¶¶ 12-13.) The forfeiture declaration stated the cash had been seized pursuant to 21 U.S.C. § 881 on the day the search warrant was executed. (Decl. of Administrative Forfeiture,

---

[3] The Government's brief contends Defendant also received the notice sent to his home address on June 21, 2017. (Gov't Br. in Opp'n to Def.'s Mot., Doc. No. 67-1, at 6.) James D. Ingram's Declaration, however, states the opposite. (Ingram Decl. ¶ 7.) The discrepancy may be due to the "Received" stamp on the packaging label of the home address notice. It appears the stamp was made by the ATF's "Asset Forfeiture and Seized Property Division." At any rate, one notice unquestionably reached Defendant.

5

Doc. No. 67-3.) It further stated notice of the seizure and intent to forfeit was sent to each party who appeared to have an interest in the property and was published for thirty consecutive days on the official government website. (Id.) Because no claims to the cash were timely filed, the ATF declared the $22,419.00 forfeited to the United States Government. (Id.) Finally, the ATF maintains that it had probable cause to believe the cash "was traceable or intended to be used to facilitate illegal drug activity."[4] (Ingram Decl. ¶ 6.)

## II. DISCUSSION

Defendant requested return of the $22,419.00 in cash seized, "Files/Documents," and other legal property. The ATF's response to the Court's January 8th Order only concerned the cash and firearms seized and neither the DNR or the Warren County Sheriff's Office are in possession of the other property. The Court will first address Defendant's motion with respect to the $22,419.00 in cash.

### A. $22,419.00 in Cash

A person aggrieved by an unlawful search and seizure of property may move for its return under Federal Rule of Criminal Procedure 41(g). When the defendant makes a Rule 41(g) motion

---

[4] The Magistrate Judge concurred in the conclusion that probable cause supported the search warrant. (See R&R at 6-8.)

6

after the close of all criminal proceedings, courts treat the motion as a civil action in equity. United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005). Rule 41(g) motions, however, are unavailable when the "property has been 'retained pursuant to civil forfeiture, instead of for use as evidence.'" United States v. Foster, 635 F. App'x 818, 821 (11th Cir. 2015) (quoting United States v. Watkins, 120 F.3d 254, 255 (11th Cir. 1997)).

Equitable jurisdiction "must be exercised with caution and restraint" and is appropriate only when necessary to "prevent manifest injustice" in light of the movant's conduct and the merits of the motion. United States v. Martinez, 241 F.3d 1329, 1331 n.2 (11th Cir. 2001). Further, even when invoked, a court is limited to reviewing whether the agency complied with the "proper procedural safeguards" and cannot review the merits of the administrative forfeiture. Mesa Valderrama v. United States, 417 F.3d 1189, 1196-97 (11th Cir. 2005) (quotations omitted).

The Eleventh Circuit uses four factors to decide whether to exercise equitable jurisdiction: "(1) whether the government agents seized the property in callous disregard for the constitutional rights of the petitioner; (2) whether the petitioner has an individual interest in and need for the material he seeks to have returned; (3) whether the petitioner would be irreparably injured by denial of the return of the property; and (4) whether the petitioner has an adequate remedy at law." Id. at

7

1197 (quoting In re Matter of $67,470.00, 901 F.2d 1540, 1545 (11th Cir. 1990)).

Equitable jurisdiction to review a forfeiture "does not lie where the claimant has an adequate remedy at law." Watkins, 120 F.3d at 256. Thus, where the Government complies with all notice requirements and the movant failed to make a claim during the forfeiture proceedings "it is inappropriate for a court to exercise equitable jurisdiction." Mesa Valderrama, 417 F.3d at 1197 (citing United States v. Eubanks, 169 F.3d 672, 673-74 (11th Cir. 1999)); see also In re Matter of $67,470.00, 901 F.2d at 1545 ("Although such jurisdiction might be appropriate when a petitioner's failure to properly seek legal relief resulted from errors of procedure and form or the government's own misconduct, it cannot be used to enable a petitioner to rescind his own choice as to which avenue of relief to pursue.").

Defendant's pro se motion does not cite any rule, case, or statute; it simply requests the return of property seized during the May 26th search. The Court, prior to learning of the forfeiture, liberally construed Defendant's motion as a Rule 41(g) motion for return of property. Because the money Defendant seeks was administratively forfeited, Rule 41(g) is not available to him. Foster, 635 F. App'x at 821; Watkins, 120 F.3d at 255.

Further, the Court will not exercise equitable jurisdiction here because Defendant was afforded an adequate remedy at law,

which he chose to forego. Defendant received notice of the administrative forfeiture by certified mail and by publication. He never filed a claim with the ATF. Moreover, Defendant waited nearly a year after winning his motion to suppress before filing this motion. Accordingly, "it is inappropriate" for the Court to exercise equitable jurisdiction over Defendant's motion. See Mesa Valderrama, 417 F.3d at 1197; Eubanks, 169 F.3d at 674.

Finally, although never cited by Defendant, his motion could be construed as a challenge to the ATF's Declaration of Administrative Forfeiture under 18 U.S.C. § 983(e). Section 983(e) sets forth the exclusive remedy for challenging a declaration of forfeiture under a civil forfeiture statute. To prevail, the movant must show: (1) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and (2) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim. 18 U.S.C. § 983(e)(1).

Here, Defendant received notice of the administrative forfeiture by certified mail and by publication, in compliance with 19 U.S.C. § 1607(a) and 18 U.S.C. § 983(a). The ATF also followed all other procedural rules when it seized Defendant's property. Thus, Defendant cannot successfully challenge the ATF's Declaration of Administrative Forfeiture.

In short, Defendant is not entitled to the return of the $22,419.00 in cash that was administratively forfeited to the ATF, and the Court declines to exercise equitable jurisdiction over the issue.

**B. Other Property**

The remaining property — one file folder of documents and two vehicle titles in Defendant's name — is not in the possession of the ATF, the DNR, or the Warren County Sheriff's Office. The Court cannot order the return of property when it is not in any agencies' possession. See United States v. Cobb, 703 F. App'x 879, 882 (11th Cir. 2017) ("As the United States cannot return something it does not have, the court cannot order it to return to Defendant the [property] listed in the motion."); United States v. Garcon, 406 F. App'x 366, 369 (11th Cir. 2010) (*per curiam*) ("The government is not obligated to return property that it no longer possesses, but it must provide some evidentiary support for its claim that it no longer has possession of the property.").

Here, the ATF, the DNR, and the Warren County Sheriff all submitted affidavits, documentary evidence, or both that conclusively establishes each is no longer in possession of Defendant's property. Accordingly, the Court concludes it is unnecessary to hold a hearing on this matter. The Court further concludes that the law enforcement agencies are not obligated to return any property to Defendant.

Finally, the Court will not exercise its discretion to invoke equitable jurisdiction and fashion an equitable remedy for Defendant. Although courts may order equitable relief where the property at issue has been lost or destroyed, the Eleventh Circuit has squarely foreclosed a defendant's ability to be awarded money damages in such situations. See United States v. Potes Ramirez, 260 F.3d 1310, 1314-16 (11th Cir. 2001) (holding sovereign immunity protects the government from money damages arising out of the detention of property by any law enforcement officer). Further, it is unclear what other equitable remedy could afford relief to Defendant in this case. See United States v. Foster, 2015 WL 1279228, at *5 (N.D. Ga. Mar. 20, 2015) ("Neither an injunction or specific performance — traditional equitable remedies — would be effective to afford [the defendant] any relief from his loss of the personal items that were destroyed."), aff'd, 635 F. App'x 818 (11th Cir. 2015). Consequently, Defendant's motions for return of property are denied.

## III. CONCLUSION

As stated above, Defendant is not entitled to any relief and the Court declines to exercise equitable jurisdiction because the ATF, the DNR, and the Warren County Sheriff's Office are not in possession of his property and the $22,419.00 in cash was administratively forfeited. Accordingly, Defendant's motions for

11

return of property (doc. nos. 60, 62) are **DENIED**. Finally, the Court finds it unnecessary to hold a hearing on this matter. Therefore, the hearing to be held March 21, 2019, as stated in the Court's Order of March 6, 2019, (doc. no. 68), is hereby canceled.

**ORDER ENTERED** at Augusta, Georgia, this ___19th___ day of March, 2019.

_____
UNITED STATES DISTRICT JUDGE