IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
UNITED STATES OF AMERICA        *
                                *
     v.                         *     CR 117-039
                                *
JASON WAYNE MORRIS              *
```

**O R D E R**

On February 7, 2018, Defendant Jason Wayne Morris was sentenced to serve 96 months imprisonment upon his conviction for possession with intent to distribute a controlled substance.  At the time, Defendant did not qualify for safety-valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.  Defendant did not appeal.

At present, Defendant has filed a motion seeking safety-valve relief, citing a circuit case in which the defendant's sentence to the statutory minimum of five years of supervised release was vacated upon a finding that the district court erroneously believed that it was so bound.  (Doc. 71 (citing United States v. Wylie, 991 F.3d 861 (7th Cir. 2021)).

Importantly, the Wylie case involved a direct appeal from a criminal conviction.  That is not the procedural posture of this case.  Defendant's time to file a direct appeal from his conviction has expired.  In order to challenge the legality of his conviction at this juncture, Defendant must petition for habeas corpus relief under 28 U.S.C. § 2255 by filing a motion to vacate, set aside or

correct his sentence.  Of course, such a petition would be subject to the one-year limitation period under 28 U.S.C. § 2255(f).  In any event, the Court is without authority to address Defendant's invocation of the safety-valve provision in the present context.

Notably, the Government discusses the implication of Section 402(b) of the First Step Act, which amended the safety-valve provision in certain respects.  For Defendant's benefit, the Court agrees with the Government's assessment that the First Step Act amendment only applies to convictions entered on or after the date of enactment, December 21, 2018, and thus, would not be applicable to Defendant's case.  See United States v. Cabezas-Montano, 949 F.3d 567, 604 n.36 (11th Cir. 2020).  The Court further agrees with the Government that Defendant would not qualify in any event for safety-valve relief under the amended statute.  Accordingly, should Defendant file a § 2255 petition based upon the applicability of the safety-valve provision, it would be likely untimely and unlikely to succeed.

Upon the foregoing, Defendant's motion for relief based upon 18 U.S.C. § 3553(f) (doc. no. 71) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of April, 2021.

UNITED STATES DISTRICT JUDGE